DJW/1      **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF KANSAS**

**VICTOR HUGO MEDINA,**

        **Plaintiff,**

                                                                      **CIVIL ACTION**

**v.**

                                                                    **No. 09-2665-JAR-DJW**

**EL CAMARONCITO, INC.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this action against El Camaroncito, Inc. for breach of contract, unjust enrichment, and violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* On May 5, 2010, a Motion to Appoint counsel (doc. 15) was filed on behalf of El Camaroncito, Inc. by Yocundo Elguera. Mr. Elguera also filed a Financial Affidavit in support of the Motion to Appoint Counsel (doc. 16). Mr. Elguera, who is not an attorney, states in the Financial Affidavit that he is the "owner" of El Camaroncito, Inc.[1]

The Motion to Appoint Counsel will be denied. There is no provision in any statute, the Federal Rules of Civil Procedure, or the Rules of Practice of the United States District Court for the District of Kansas that permits this Court to appoint counsel for a corporation in a civil action.[2] Nor

---

[1] Financial Affidavit (doc. 16) at 2. Issues relating to Mr. Elguera's attempts to file pleadings on behalf of El Camaroncito, Inc. have been addressed in the Court's April 6, 2010 and April 26, 2010 Show Cause Orders (doc. 9 & 12).

[2] *See WB Music Corp v. Port City Cruise Line, Inc*., No. 1:09-cv-742, 2009 WL 3066663 at *2 (W.D. Mich. Sept. 22, 2009) ("[T]here is no authority allowing this court to appoint counsel for a corporation in a civil matter."); *Specialty Vehicle Acquisition Corp. v. Am. Sunroof Corp.,* No. 07-13887, 2008 WL 344546, *2 (E.D. Mich. Feb.7, 2008) (no statute or Federal Rule of Civil Procedure allows federal district court to appoint counsel for a corporation in civil matter).

does this Court have any source of funding available to pay an attorney to represent a corporation in a civil matter. Moreover, to the extent that Mr. Elguera and Defendant may be relying on the *in forma pauperis* statute, 28 U.S.C. § 1915,[3] to support the Motion to Appoint Counsel, such a request must be denied because the term "person," as used in that statute, does not include corporations.[4]

**IT IS THEREFORE ORDERED** that the Motion to Appoint counsel (doc. 15) filed by Yocundo Elguera on behalf of El Camaroncito, Inc. is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of May 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties
and
Yocundo Elguera
1022 Central Ave.
Kansas City, KS 66102

---

[3] 28 U.S.C. § 1915(a)(1) allows a court to authorize the commencement, prosecution or defense of any action without prepayment of fees by a "person" who submits an affidavit demonstrating that the "person" is unable to pay the fees. In addition, 28 U.S.C. § 1915(e)(1) provides that the court may appoint an attorney to represent any "person" who is unable to afford counsel.

[4] *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197-203 (1993) (ruling that the word "person" as used in the *in forma pauperis* statute, 28 U.S.C. § 1915, refers only to natural persons and not artificial entities). *See also Kingvision Pay-Per View Ltd. v. DeJesus*, No. 05CV 3682 (SJ RML), 2006 WL 941804, at *3 (E.D.N.Y. April 12, 1006) ("[T]he Court is not authorized to appoint counsel to a corporation because only natural persons may qualify for the benefit of the pro bono counsel appointment provisions of 28 U.S.C. § 1915(e)(1).").